UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESIREE HODGENS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 5:13-cv-00161-PSG <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** <br><br> **(Re: Docket No. 18)** |

This case is nearly identical to *Bustamante v. Massanari*.[1]

There, the Ninth Circuit first held the administrative law judge committed legal error by evaluating the claimant's impairments using the five-step sequential process without separating out the impact of his alcoholism. Second, the ALJ's alternative finding that the claimant's mental impairments were not severe, regardless of the impact of alcoholism, was not supported by substantial evidence where an examining psychologist found the claimant had "a marked degree of impairment in activities of daily living, as well as cognitive functioning and interpersonal relations."[2]

---

[1] *See Bustamante v. Massanari*, 262 F.3d 949, 956 (9th Cir. 2001).

[2] *See id.*

1
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Here, the ALJ likewise ruled out disability without separating out Plaintiff Desiree Hodgens' past substance abuse. Further, there was insubstantial evidence to support the ALJ's finding where her treating physician testified without rebuttal that Hodgens had "marked difficulty interacting adequately with others" and "marked difficulties concentrating or persisting independently at work-related activities at a consistent pace for a normal workday or workweek."[3]

Just as the errors in this case and binding precedent from the Ninth Circuit are nearly identical, so too must be the outcome. That the Commissioner does not even address *Bustamante* in its papers, let alone distinguish it, all but confirms this outcome. Because the ALJ applied improper legal standards by considering the impact of substance abuse prematurely, and her determination was not supported by substantial evidence, the court GRANTS Hodgens' motion for summary judgment and remands the case.

**I.**

Through its administrative law judges, the Commissioner of Social Security evaluates claims using a sequential five-step evaluation process. In the first step, the ALJ must determine whether the claimant currently is engaged in substantial gainful activity, and if so, the claimant is not disabled and the claim is denied.[4] If the claimant currently is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, the ALJ finds the claimant "not disabled" and the claim is denied.[5] If the claimant has a "severe" impairment or combination of impairments, the third step requires the ALJ to determine whether the impairment or combination of impairments meets

---

[3] *See* Docket No. 14-8 at 22.

[4] *See Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981).

[5] *See id.*

2
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

or equals an impairment in the listing of impairments.[6]  If so, disability is conclusively presumed and benefits awarded.[7]

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the listing, the fourth step requires the ALJ to determine whether the claimant has sufficient "residual functional capacity"[8] to perform his or her past work; if so, the claimant is not disabled and the ALJ denies the claim.[9]  It is the claimant's burden to prove that he or she is unable to perform past relevant work.[10]  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work,[11] comprising the fifth and final step in the sequential analysis.

Impairments that can be controlled effectively with treatment are not disabling.[12]  A claimant will not be found disabled if she does not follow her prescribed treatment without good reason.[13]  Further, an "individual shall not be considered to be disabled for purposes of [benefits

---

[6] *See* 20 C.F.R. § 404 app. 1.

[7] *See id.*

[8] A claimant's RFC is what the claimant can still do despite existing physical, mental, nonexertional and other limitations.  *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[9] *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992); *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1994).

[10] *See Druoin,* 966 F.2d at 1257.

[11] There are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2.  *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

[12] *See* 20 C.F.R. §§ 404.1530, 416.930; *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding impairments that can be controlled effectively with treatment are not disabling); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication).

[13] *See* 20 C.F.R. §§ 404.1530, 416.930.

3
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

under Title II or XVI of the Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."[14] An ALJ need not evaluate alcoholism's contribution to a claimant's symptoms when substantial evidence supported the ALJ's determination that the claimant's symptoms were not severe in the first place.[15] But "[i]t is an error for the ALJ to determine that a claimant's mental impairments are 'the product and consequence of his alcohol abuse' prior to making a determination that the claimant is disabled under the five-step inquiry."[16]

Over six years ago, Hodgens filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income.[17] In both applications, Hodgens claimed disability beginning August 1, 2007.[18] The claims were denied initially, upon reconsideration, following a hearing[19] and upon administrative appeal for review.[20]

Hodgens now requests that this court reverse and set aside the decision of the Commissioner or alternatively remand the case back to the Commissioner for a hearing *de novo* or for proper evaluation of the evidence.[21] The Commissioner requests that the court affirm the ALJ's decision or remand so that the Commissioner may correct any perceived errors.

---

[14] 42 U.S.C. §§ 423(d)(C), 1382c(a)(3)(J); *see also Sousa v. Callahan*, 143 F.3d 1240, 1242 (9th Cir. 1998).

[15] *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

[16] *See Bustamante*, 262 F.3d at 954-55.

[17] *See* Docket No. 14-3 at 14.

[18] *See id.*

[19] *See id.*

[20] *See id.* at 8.

[21] *See* Docket No. 1 at 3.

Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

**II.**

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a). The court finds this motion suitable for disposition on the papers in light of this court's Procedural Order on Social Security Cases,[22] its local rules[23] and the parties' representations at a status conference following transfer of this case to this district.[24]

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Hodgens her benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[25] In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance—it is such relevant evidence a reasonable mind might accept as adequate to support the conclusion."[26] When determining whether substantial evidence exists to support the administrative record as a whole, the court must consider adverse as well as supporting evidence.[27] Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[28] However, a non-examining physician cannot present substantial evidence unless corroborated.[29] Further, "[i]f additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."[30]

---

[22] *See* Docket No. 25.

[23] *See* Civil L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[24] *See* Docket No. 29.

[25] *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir. 1995); *Drouin,* 966 F.2d at 1257.

[26] *See Moncada,* 60 F.3d at 523; *Druoin,* 966 F.2d at 1257.

[27] *See Druoin,* 966 F.2d at 1257; *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989).

[28] *See Moncada,* 60 F.3d at 523; *Druoin,* 966 F.2d at 1258.

[29] *See* 20 C.F.R. § 404.1527(d)(4); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (An opinion by a "non-examining

5
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

**III.**

Pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ conducted the sequential five-step evaluation process for determining whether an individual is disabled. At step one, she found Hodgens had not engaged in substantial gainful activity since August 1, 2007.[31] At step two, the ALJ found that Hodgens had the following severe impairments: major depressive disorder, post-traumatic stress disorder, personality disorder and a history of substance abuse in remission since March of 2009.[32]

At step three, the ALJ found Hodgens did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.[33] Based on the testimony of Dr. Charles Agler, a non-examining physician,[34] she found that when not drinking, Hodgens had mild restriction in activities of daily living, moderate difficulties in social functioning and concentration and no episodes of decompensation.[35] This did not reach the requirement of marked limitation in at least two of those categories.[36]

---

medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record."); *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record . . . Generally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion.").

[30] *See Lewin,* 654 F.2d at 635.

[31] *See* Docket No. 14-3 at 16.

[32] *See id.*

[33] *See id.* at 17. Impairments are listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), as well as in criteria listings of 12.04, 12.06, 12.08 and 12.09.

[34] *See* Docket No. 14 at 19.

[35] *See id.* at 17-18.

[36] *See id.*

At step four, the ALJ found Hodgens had the RFC to perform a full range of work at all exertional levels, but could perform only simple, repetitive tasks with limited contact with the general public.[37] She found Hodgens' claims of symptoms were not credible to the extent they were inconsistent with her RFC.[38] She further gave the opinions of psychological consultative examiner Dr. Robert Bilbrey little weight due to inconsistencies with his findings.[39] The ALJ ultimately found Hodgens had not been under a disability since August 1, 2007 and was capable of performing her past work as a janitor.[40]

## IV.

Having reviewed the ALJ's reasoning, considering adverse as well as reinforcing evidence,[41] the court finds substantial evidence and proper application of law do not support the ALJ's decision.[42] Because additional proceedings may remedy defects in the original administrative proceedings, and the cumulative error outline below is not harmless,[43] the case is remanded for further fact finding consistent with the following.[44]

---

[37] *See* Docket No. 14-3 at 18.

[38] *See id.* at 19.

[39] *See id.* at 20.

[40] *See id.* at 21.

[41] *See Druoin,* 966 F.2d at 1257; *Hammock,* 879 F.2d at 501.

[42] *See Moncada,* 60 F.3d at 523; *Druoin,* 966 F.2d at 1257.

[43] *See, e.g., Garrison v. Colvin,* 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Charter,* 100 F.3d 1462, 1464 (9th Cir. 1996) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *cf. McClary v. Astrue*, Case No. 11-cv-1226-GGH, 2012 WL 2921352, at *10-11 (E.D. Cal. July 17, 2012).

[44] *See Lewin,* 654 F.2d at 635.

***First***, the ALJ found that from August 1, 2007 until March 2009, Hodgens had a significant alcohol abuse problem. [45] The ALJ appears to have only considered Hodgens' status from March 2009 on, in the apparent absence of alcohol abuse, in making Hodgens disability determination: "These treatment notes are consistent with a finding that the claimant's symptoms are well controlled with medication when she is in remission for substance abuse, and would be able to sustain simple, repetitive work with limited contract with the general public."[46] "After careful consideration of all the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act from August 1, 2007, through the date of this decision."[47] As a result, it appears that the ALJ did not consider substantial evidence that Hodgens may have been under a disability from August 2007 until March 2009, however impacted by substance abuse. The ALJ thus did not use the proper procedures laid out in *Bustamante*.

---

[45] *See* Docket No. 14-3 at 14 ("Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months"); *id.* at 16 ("The claimant has . . . [a] history of substance abuse, in remission since March of 2009"); *id.* at 19-20 ("Dr. Charles Agler, the Medical Expert, testified that a review of the medical evidence supported a conclusion that, in the absence of substance abuse, the claimant retains a capacity for simple, repetitive tasks with limited contact with the general public . . . Dr. Agler testified that substance abuse was a significant issue until March of 2009 . . . Treatment notes in the record show a pattern of increased symptoms coinciding with polysubstance abuse and non-compliance with prescribed medications . . . The claimant stated that she was not compliant with her medications, and was consuming approximately 1 pint of whisky a day for 33 years, with the last use 3 to 4 days before the March 2008 intake . . . in August of 2008, the claimant had not been using alcohol and drugs, and was compliant with her medications and taking Antabuse . . . It appears that as of March 2009, the claimant had stopped abusing alcohol . . . these notes from the appointments that the claimant did keep, indicate that the claimant was not using alcohol or illegal drugs, and was not experiencing any symptoms of panic, mania, or psychosis with her current medication regiment").

[46] *See* Docket No. 14-3 at 20; *see also* Docket No. 19 at 6, 11 ("At the ALJ hearing, Dr. Agler provided some context regarding Plaintiff's GAF scores, noting they were identical throughout Dr. Colbert's records, and that even though Plaintiff had a GAF of 50, given the record 'it looked at that time' she could still perform simple repetitive tasks").

[47] *See* Docket No. 14-3 at 14.

8
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Under *Bustamante*, the ALJ "should have proceeded with the five-step inquiry without attempting to determine the impact of [Hodgens'] alcoholism on [her] other mental impairments. If, and only if, the ALJ found Hodgens was disabled under the five-step inquiry, should the ALJ have evaluated whether [Hodgens] would still be disabled if [she] stopped using alcohol."[48] The ALJ should have "proceed[ed] with step three (and four and five, if necessary) of the disability determination without attempting to separate out the impact of [Hodgens'] alcohol abuse."[49] The ALJ should not have factored alcoholism's contribution at step three in order to determine that Hodgens did not have a disability. "Only if the ALJ determines that [Hodgens] is disabled under the five-step inquiry, should the ALJ consider whether 'alcoholism is a contributing factor material to' that determination, pursuant to 20 C.F.R. §§ 404.1535 and 416.935."[50]

***Second***, to reject a controverted treating physician's opinion, the ALJ must give specific and legitimate reasons.[51] Here, the ALJ did not address treating psychiatrist Dr. Heather Colbert's assessment of Hodgens. Colbert found a global assessment of functioning ("GAF") of "50," even without substance abuse, indicating serious impairment in occupational functioning, and backed by clinical findings and an ongoing medication regime.[52] While a GAF may be broader than an assessment of a claimant's capacity to work, Colbert used it to opine on Hodgens' serious impairment in occupational and social functioning.[53] It needs to be addressed.

***Third***, a non-examining physician cannot present substantial evidence unless corroborated by an abundance of evidence.[54] The ALJ endorsed Agler's findings, which were

---

[48] *Bustamante*, 262 F.3d at 955-56.

[49] *Id.*

[50] *Id.* at 956.

[51] *See Lester*, 81 F.3d at 831.

[52] *See id*.

[53] *See* Docket No. 20 at 2.

[54] *See Lester*, 81 F.3d at 831.

9
Case No.: 5:13-cv-00161-PSG
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

only "in the absence of Plaintiff's substance abuse,"[55] and which were controverted by Colbert's and Bilbrey's findings as well as Hodgens' claims.  Even still, Agler found the information on borderline intellectual functioning was insufficient to determine whether it would prevent employment, an ambiguity giving credence to the examining physicians Colbert and Bilbrey. This was not sufficient corroboration.

*Fourth*, in discrediting a claimant, "unless the ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."[56]  This is not an easy requirement to meet,[57] and one the ALJ did not meet here.

*Finally*, the vocational expert provided testimony that a person likely to leave work early or miss three days of work per month would not be employable.[58]  The ALJ did not address this aspect of Hodgens' employability.

**SO ORDERED.**

Dated: December 31, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[55] *See* Docket No. 19 at 3.

[56] *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2006).

[57] *See Moore v. Comm'r of Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002) ("The clear and convincing standard is the most demanding required in Social Security cases.").

[58] *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).